Date signed February 24, 2006



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| SIRI KISSOON SINGH | : | Case No. 06-10376PM |
| | : | Chapter 13 |
| Debtor | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |

### MEMORANDUM OF DECISION

This case is before the court on the Debtor's Motion filed pursuant to 11 U.S.C. § 362(c)(3)(B) for an order continuing the automatic stay of § 362(a) of the Bankruptcy Code as to all creditors. Paccar Financial Corporation ("Paccar") opposes the Motion. The court held a hearing on February 16, 2006, and received the testimony of the Debtor, together with the argument of counsel for the parties.

As noted in the Legislative History for the 2005 Amendment to the Bankruptcy Code, this section was enacted to discourage what Congress perceived as bad faith repeat filings. This is the fourth case filed by the Debtor since 1999. While the number of cases is not determinative of the issue presented, it is weighty evidence against the Debtor.

Debtor's bankruptcy Case No. 02-12641, filed on March 4, 2002, was dismissed by Order of court entered October 12, 2005. The dismissal came about as the result of the Debtor's withdrawal of his opposition to the Motion to dismiss the case filed by the Chapter 13 Trustee. The Motion was filed based upon the Trustee's calculation that the Plan as filed was underfunded. Debtor originally opposed the Motion that the payment to the creditor known as Citicapital Commercial Corp., f/k/a Associates Commercial Corp. ("Citicapital"), was to be made pursuant to the terms of an Order authorizing adequate protection for Citicapital entered

July 8, 2002, as modified by an Order entered September 6, 2002. It appears from the record that Citicapital received more under the confirmed Plan and adequate protection Orders than was contemplated. For whatever reason, the Debtor gave up the struggle with the Trustee and threw in the towel.

After consideration of the totality of the circumstances presented, the court finds that the Debtor has, by clear and convincing evidence, rebutted the presumption that this case was not filed in good faith. At the time of the dismissal of the earlier case, Debtor's truck fleet had been the subject of substantial vandalism that put it out of service. Debtor continued to make the payments of $1,242.00 a month as required under the adequate protection Orders for Paccar.

The court will enter an order continuing the automatic stay and setting a hearing on March 13, 2006, at 3:00 p.m., on the matter of adequate protection payments to be made to Paccar, should the parties be unable to reach agreement on that issue.

cc:
All Creditors and Parties in Interest

**End of Memorandum**